PUJALS, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Humacao.

No. 166.—Resuelto en enero 20, 1914.

BIENES GANANCIALES—FECHA QUE RIGE PARA DETERMINAR LA NATURALEZA DE UNA ADQUISICIÓN.—Para determinar si una finca tiene o no el carácter de ganancial es necesario atenerse a la fecha de la adquisición y nó a la fecha de su inscripción en el registro.

ID.—INSCRIPCIÓN DE UNA FINCA A FAVOR DE UNA VIUDA, PERO HACIÉNDOSE CONSTAR QUE LA ADQUIRIÓ MÁS DE CATORCE AÑOS ANTES.—Inscrita una finca en el registro en virtud de un expediente posesorio, según el cual la había adquirido más de catorce años antes, y resultando de una partida de defunción presentada al registro que el marido de dicha señora había fallecido hacía catorce años, no es posible determinar por dichos documentos si el esposo había muerto cuando la adquisición tuvo lugar, ni por tanto la capacidad de la persona a cuyo favor está hecha la inscripción para enajenarla como bien propio suyo.

Los hechos están expresados en la opinión.

Abogados de la recurrente: *Sres. Aponte* y *Aponte.*

El Registrador, Sr. Miguel Planellas, compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El primer asiento de cierta finca rústica radicada en el barrio del Río del término municipal de Naguabo, hecho por el Registrador de la Propiedad de Humacao en 21 de diciembre de 1898, fué motivado por la inscripción de un expediente posesorio según el cual Doña Andrea Núñez, viuda de Pujals había justificado ante el Juzgado Municipal de Naguabo, la posesión de esa finca, que había adquirido por compra hacía más de 14 años. La inscripción posesoria fué convertida luego en inscripción de dominio.

Posteriormente, en 28 de agosto de 1913, Doña Andrea Núñez, de estado viuda, vendió esa finca a Doña María Pujals Núñez y presentado el documento en el registro de la

propiedad para su inscripción, acompañado de una certifica-
ción de defunción de la que resulta que Don José Pujals, es-
poso de Doña Andrea Núñez, falleció en 1°. de septiembre de
1884, el registrador se negó a inscribirlo por el motivo que
aparece de la siguiente nota, contra la que se ha interpuesto
el presente recurso gubernativo:

"Presentado de nuevo este documento, ha sido denegada su ins-
cripción por no poderse determinar si la finca vendida es de la pro-
piedad  exclusiva de la vendedora, pues aunque del registro resulta
que la inscribió a su favor en el año 1898 en que era viuda, resulta
también que la adquirió a título oneroso con más de 14 años de ante-
rioridad al citado año 1898, o sea, antes del año 1884, en el cual falleció
su esposo Don José Pujals, según la partida de defunción del mismo
que se ha tenido a la vista; y se ha tomado en su defecto la anotación
por 120 días que dispone la ley, en el tomo 9 de Naguabo, al folio 104,
finca No. 462, (inscripción) digo anotación A.  Humacao, diciembre
5 de 1913.  El Registrador.  Miguel Planellas."

Como el registrador debe hacer su calificación por lo que
resulte de los documentos que se le presenten y del registro,
desde el momento en que con la escritura de venta se le pre-
sentó la certificación de defunción del esposo de la persona a
cuyo favor está inscrita la finca vendida, debía tomar en con-
sideración los hechos que de ella resultasen.

Según certificación librada por el Registrador de la Pro-
piedad de Humacao, la inscripción primera de esa finca, verifi-
cada en 21 de diciembre de 1898, fué motivada por un expe-
diente posesorio tramitado ante el Juzgado Municipal de
Naguabo por Doña Andrea Núñez, siendo viuda, según el cual
poseía tal inmueble por haberlo adquirido por compra hacía
más de 14 años; y como según ese asiento no se sabe si cuando
la adquisición tuvo lugar dicha señora estaba ya viuda, era
necesario que se justificase al registrador su estado civil en
aquella fecha para que pudiese determinar el carácter legal
de dicha finca y por tanto la capacidad para disponer de ella
como bien propio.  El concepto legal que tenga una adquisi-
ción se determina por la fecha en que tiene lugar y no por

la de la inscripción.   Por consiguiente, no constando del regis-
tro si cuando Doña Andrea Núñez adquirió la posesión por
título de compra era viuda, cualquier tercero que quisiera con-
tratar con ella respecto de esa finca debía cerciorarse antes
de si cuando compró, más de 14 años antes de tramitar
el posesorio inscrito era ya viuda, pues si aun estaba casada,
su adquisición por título oneroso tenía la presunción de ser
ganancial y no podría disponer por sí sola de ella como bien
propio suyo.

Ahora bien, como del documento acompañado al título re-
sulta que el esposo de Doña Andrea Núñez murió en 1°. de sep-
tiembre de 1884 o sea 14 años antes de la inscripción del pose-
sorio, esto parece demostrar que aun estaba casada cuando ad-
quirió el inmueble, por lo que tuvo razón el registrador recu-
rrido al consignar como motivo de su negativa de inscripción,
que no puede determinarse que el fundo sea de la propiedad
exclusiva de la vendedora.

La nota recurrida debe ser confirmada.

*Confirmada la nota.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf y del Toro.